**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- X
LASER KITTEN, LLC, KATIE THIERJUNG,
and WILDFLOWER + CO., INC.,

        Plaintiffs,

  -against-

MARC JACOBS INTERNATIONAL, LLC,

        Defendant.

------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/04/2018

No. 17 Civ. 8613 (JFK)
**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFFS LASER KITTEN, LLC, KATIE THIERJUNG, and
WILDFLOWER + CO., INC.
    Penelope Anne Fisher-Birch
    Andrew Isaac Gerber
    KUSHNIRSKY GERBER PLLC

FOR DEFENDANT MARC JACOBS INTERNATIONAL, LLC
    Michael Jay Zinna
    Joel Avi Hankin
    Kelli Danielle Ortega
    KELLEY DRYE & WARREN, LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion, under Federal Rule of Civil Procedure 12(b)(6), by Defendant Marc Jacobs International, LLC ("MJI" or "Defendant") to dismiss the second claim of Laser Kitten, LLC, Katie Thierjung, and Wildflower + Co., Inc.'s (collectively, the "Plaintiffs") complaint which alleges MJI provided false copyright management information in violation of 17 U.S.C. § 1202(a). For the reasons stated below, Defendant's motion is GRANTED.

1

## I. Background

### A. Factual Background

The following facts and allegations are taken from the complaint unless otherwise noted. Plaintiff Laser Kitten, LLC ("Laser Kitten") is a limited liability company organized under California law that does continuous and systematic business in this district. (Compl. ¶ 10, ECF No. 1 (filed Nov. 7, 2017).) Plaintiff Katie Thierjung ("Thierjung") is an individual residing in California. (Id. ¶ 11.) Wildflower + Co., Inc. ("Wildflower") is a corporation organized under the laws of New York which does continuous and systematic business in this district. (Id. ¶ 12.) All Plaintiffs sell goods to consumers in this district. (Id. ¶¶ 10-12.) Plaintiffs are independent artists who create products, such as enamel pins and embroidered patches, featuring their original artwork. (Id. ¶¶ 17-19.) They sell these products through their own websites and various third-party websites and retailers. (Id.)

Defendant MJI—a subsidiary of French conglomerate LVMH Moët Hennessy Louis Vuitton SE—is a limited liability company organized under Delaware law with principal place of business in New York, New York. (Id. ¶ 13.) MJI is a fashion brand which sells clothing, jewelry, accessories, and other goods through retail locations throughout the world, its own website, and dozens of third-party luxury resellers. (Id. ¶ 1.)

2

Plaintiffs allege that they are the authors and copyright owners of designs on numerous pins and patches that MJI marketed and sold, starting in June 2016, as part of their "Resort 2017" collection. (Id. ¶¶ 20, 22, 23.) They further allege that MJI sold and marketed these products without Plaintiffs' consent, permission, or authority. (Id. ¶¶ 28, 30.) Specifically, Laser Kitten alleges it is the author and copyright owner of the "LK City Pink Cop Car Pin"; Thierjung alleges that she is the author and copyright of holder of the "Parrot Pin," the "Highball Pin," and the "Margarita Pin"; and Wildflower alleges it is the author and copyright owner of the "Rose Champagne Patch" (collectively, the "Designs"). (Id. ¶¶ 17-19.) The complaint contains depictions of the Designs and their MJI equivalents. (Id. ¶¶ 17-19, 22, Ex. B & C.)

On November 23, 2016, Plaintiff Laser Kitten sent MJI a cease-and-desist letter asserting MJI's infringement of several designs including the "LK City Pink Cop Car Pin." (Def.'s Mem. of L. in Supp. of Mot. to Dismiss at 3 & Ex. 1, ECF No. 23 (filed Feb. 6, 2018) [hereinafter "Supp."].) On January 23, 2017, Plaintiffs Wildflower and Thierjung (through her brand "The Uncommon Place") sent MJI a cease-and-desist letter asserting MJI's infringement of the "Parrot Pin," "Highball Pun," and the "Margarita Pin." (Compl. ¶ 24; Supp. at 3 & Ex. 2.) Nevertheless, MJI continued marketing and selling products

...

infringing on the Designs in its "Resort 2017" and Spring 2017 collections. (Id. ¶ 24.)  As of the filing of this complaint, MJI and other retailers continue to market, display, and sell products infringing upon the Designs. (Id. ¶¶ 25-27.)

### B. Procedural History

On November 7, 2017, Plaintiffs filed a complaint alleging that MJI had (1) committed copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and (2) provided false copyright management information ("CMI") in violation of 17 U.S.C. § 1202(a). (Id. ¶¶ 32-45.)

On February 6, 2018, MJI filed this motion, pursuant to Rule 12(b)(6), to dismiss the second claim.

## II. Legal Standards

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court's charge in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting

Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004)).

The Court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678. A complaint that offers such "labels and conclusions" or "naked assertions" without "further factual enhancement" will not survive a motion to dismiss. Id. (citing Twombly, 550 U.S. at 555, 557).

## III. **Discussion**

The Digital Millennium Copyright Act ("DMCA") makes it unlawful to knowingly, and with the intent to "induce, enable, facilitate, or conceal infringement," either "provide" or "distribute" false CMI. 17 U.S.C. § 1202(a). Accordingly, to plead a violation of § 1202(a), a plaintiff must plausibly allege (1) "that defendant knowingly provided false [CMI]" and (2) "that defendant did so with the intent to induce, enable, facilitate, or conceal an infringement." Krechmer v. Tantaros, No. 14-4061-cv, 2018 WL 4044048, at *2 (2d Cir. Aug. 24, 2018) (summary order). See also Aaberg v. Francesca's Collections, Inc., No. 17-cv-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar.

5

27, 2018); Ward v. Nat'l Geographic Soc'y, 208 F. Supp. 2d 429, 449 (S.D.N.Y. 2002) (Kaplan, J.).

MJI argues that Plaintiffs did not adequately plead their § 1202(a) claim because (1) they failed to adequately allege that MJI provided false CMI in connection with the accused products, (2) even if it had, they failed to allege that MJI possessed the knowledge that it was distributing false CMI, and (3) they failed to allege that MJI placed its branding on the allegedly infringing products with the intent "to induce, enable, facilitate, or clean an infringement." (Supp. at 5-11.)

### A. Plaintiffs Fail to Adequately Allege MJI Provided False CMI

MJI's initial argument is that Plaintiffs failed to adequately allege MJI provided false CMI under § 1202(a) in connection with the Designs as none of the information Plaintiffs allege MJI provided constitutes CMI under Section 1202(c). (Id. at 5-7.)

There appear to be few cases that analyze what constitutes "false CMI" under § 1202(a).[1] District courts that have

---

[1] Neither Defendant nor Plaintiffs provided any authority addressing how a court determines "false CMI" under § 1202(a). Neither of the two cases Defendant uses in its argument address (1) when CMI is false, (2) a defendant's use of CMI, or (3) a § 1202(a) claim. See IQ Grp. v. Wiesner Publ'g Inc., 409 F. Supp. 2d 587, 597-98 (D.N.J. 2006) (addressing whether a plaintiff's information was actual CMI in a § 1202(b) case; Aardwolf Industries, LLC v. Abaco Machines USA, Inc., No. CV 16-1968-GW(JEMx), 2016 WL 9275401, at *4-5 (C.D. Cal. Nov. 21, 2016) (same). Similarly, the vast majority of the Plaintiffs' cited cases do not address what constitutes "false CMI." See Aaberg, 2018 WL 1583037, at *6-9; Mackenzie Architects, PC

6

considered the issue have implemented a two-step standard in which they determine (1) whether information defendant provided in connection with the allegedly infringing work is CMI under § 1202(c)'s definition and, if it is CMI, (2) whether that information was false. SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona, Inc., No. CV-15-01856-PHX-BSB, 2018 WL 4565901, at *4 (D. Ariz. Sept. 24, 2018); see also Drauglis v. Kappa Map Group, LLC, 128 F. Supp. 3d 46, 59-60 (D.D.C. 2015) ("Because the copyright notice to which plaintiff objects was not 'conveyed in connection with' the [infringed work], the Court finds that it does not constitute [CMI] with regard to the [infringed work], and plaintiff's claim for falsification of CMI therefore fails"); Watson v. Kappa Map Group, LLC, No. 1:14-cv-100-TWT, 2015 WL 3932425, at *2 (N.D. Ga. June 25, 2015) (because information posted with an allegedly infringing photo did not meet the definition of CMI under § 1202(c), it "cannot be the basis for a claim for falsification of CMI under § 1202(a)"). Accordingly, the first task for this Court is to determine whether Plaintiffs have adequately pleaded that MJI

---

v. VLG Real Estates Developers, LLC, 1:15-cv-1105, 2016 WL 4703736, at *11 (N.D.N.Y. Sept. 8, 2016); Williams v. Cavalli S.p.A., No. CV 14-6659-AB(JEMx), 2015 WL 1247065, at *2-4 (C.D. Cal. Feb. 12, 2015) (deciding a § 1202(b) claim); Cable v. Agence France Presse, 728 F. Supp. 2d 977, 979-81 (N.D. Ill. 2010) (deciding a § 1202(b) claim); Agence France Presse v. Morel, 769 F. Supp. 2d 295, 304-05 (S.D.N.Y. 2011) (Pauley, J.); Associated Press v. All Headline News Corp. et al., 608 F. Supp. 2d 454, 461-62 (S.D.N.Y. 2009) (Castel, J.) (deciding a § 1202(b) claim); Interplan Architect, Inc. v. C.L. Thomas, Inc., No. 4:08-cv-3181, 2009 WL 6443117, at *2-3 (S.D. Tex. Nov. 13, 2009).

7

provided information that meets § 1202(c)'s CMI definition. To be CMI under § 1202(c), information must (1) be "conveyed in connection with" copies or displays of a work and (2) be the type of information detailed in § 1202(c)(1) to (8). See 17 U.S.C. § 1202(c). As relevant here, that CMI can be the name or identifying information about the author or copyright owner of the work in question or can be identifying numbers, symbols, or links referring to such information. See 17 U.S.C. § 1202(c)(2), (3) & (7).

Here, as to Laser Kitten's "LK City Pink Cop Car Pin" and Thierjung's "Parrot Pin," Plaintiffs have alleged that MJI (1) replaced Plaintiffs' CMI with its own, (2) "placed its own branding on the packaging" of products that infringe on these designs, and (3) "conveyed new, false titles" in connection with these designs. (Compl. ¶¶ 30, 42.) The first and last allegations are conclusory as they make legal conclusions without further factual enhancement. Iqbal, 556 U.S. at 678. Accordingly, the complaint lacks any facts that plausibly allege that MJI's "branding" is CMI under § 1202(c). Thus, as to these two designs, Plaintiffs have not plausibly alleged MJI provided CMI and have failed to state a § 1202(a) falsity claim. See Drauglis, 128 F. Supp. 3d at 61.

As to Thierjung's "Highball Pin" and "Margarita Pin" and Wildflower's "Rose Champagne Patch," Plaintiffs have made the

same conclusory allegations that MJI replaced Plaintiff's CMI with its own and "conveyed new, false titles" in connection with these designs along with the allegation that MJI "placed its own branding on the packaging." (Compl. ¶¶ 30, 42.) However, Plaintiffs have also provided photographs of what appear to be pins and patches similar in appearance to these three designs attached to packaging that reads "Marc Jacobs" in stylized writing, but is otherwise blank. (Id. ¶ 22; Ex. B.) Making every favorable inference in the Plaintiffs' favor, the Court infers that the packaging and words "Marc Jacobs"—as depicted in the photographs—are the "branding" and the CMI referenced in the complaint and that Plaintiffs are alleging this "branding" conveyed false title. (Id. ¶¶ 30, 42.)

Defendant argues that the inclusion of this branding—which it describes as a trademark—on the packaging does not convey CMI because trademarks do not provide information about copyright ownership without something more, such as a copyright symbol. (Supp. at 7 (citing IQ Grp., 409 F. Supp. 2d at 598; Aardwolf, 2016 WL 9275401, at *10).) As such, MJI argues, the information provided fails to meet any of § 1202(c)'s definitions of CMI and, therefore, the complaint fails to sufficiently plead a § 1202(a) claim. Plaintiffs respond that the branding is sufficient as (1) "trademark information may constitute CMI if it is used to signal authorship of a copyrighted work, as it is

9

here" (Pls.' Opp. to Def.'s Mot. to Dismiss at 5, ECF No. 24 (filed Feb. 6, 2018) [hereinafter "Opp."] (quoting <u>GC2 Inc. v. Int'l Game Tech. PLC</u>, 255 F. Supp. 3d 812, 822 (N.D. Ill. 2017))); (2) the Marc Jacobs name qualifies as CMI as it conveys "identifying information about" an author or copyright owner and is an identifying symbol referring to copyright information (Opp. at 4 (citing § 1202(c)(2),(3) & (7)); and (3) Defendant's allegations that a trademark on packaging alone without something more is incorrect as a matter of law. (<u>Id.</u> at 4-5 (collecting cases).)

In <u>Aaberg</u>, which the Plaintiffs described in a post-briefing letter to this Court as a decision that "denies a motion to dismiss nearly identical claims under 17 U.S.C. § 1202(a)" (ECF No. 30 (filed Feb. 28, 2018)), a court in this district found that including "some combination of a trade or brand name, a logo, and a website address" with a pin was "[c]ollectively . . . sufficient to identify the copyright owning" plaintiff and thus that information qualified as CMI under either § 1202(c)(3) or § 1202(c)(7). 2018 WL 1583037, at *7 (citations omitted). A close reading of the paragraphs of the complaint which Judge Nathan cited in this holding reveals that, at a minimum, the plaintiffs included at least two of the following on the pin itself or its packaging (or both): the copyright holder's name, trade name, or brand name; logo; and

10

website or social media handle. (Second Amended Complaint ¶¶ 36 to 46, Aaberg et al. v. Francesca's Collections, Inc. et al., No. 17 Civ. 115 (S.D.N.Y. Mar. 27, 2018), ECF No. 43.) Additionally, in all cases, the plaintiffs pleaded that this information "serves to identify [an individual plaintiff] as the author and copyright owner of [the relevant pin]." (Id.) Additionally, the GC2 court held that a trademark is CMI when it is used to signal authorship of a copyrighted work which, the court found, was the case because the plaintiff included a trademark logo on its artwork and both parties had "agreed to this designation." 255 F. Supp. 3d at 822.

Here, the complaint fails to provide factual allegations detailing what the "branding" was and the pictures only show the stylized words "Marc Jacobs" with nothing more. This falls far below what the Aaberg court found was sufficient to plead CMI. Further, there are no allegations that MJI's "branding" signaled authorship or copyright ownership over the Plaintiffs' works, other than the complaint's allegation that Defendant's "conveyed new, false titles in connection" with these designs. (Compl. ¶ 42.) This allegation is conclusory—and thus the Court need not take notice of it—as Plaintiffs have offered no facts as to how MJI conveyed this false title. See Iqbal, 556 U.S. at 678. The lack of allegations that MJI's branding signaled authorship or copyright ownership is particularly fatal to an attempt to

11

allege CMI because the "point of CMI is to inform the public that something is copyrighted" (Aaberg, 2018 WL 1583037, at *7 (quoting Pers. Keepsakes, Inc. v. Personalizationmall.com, No. 11-cv-5177, 2012 WL 414803, at *6 (N.D. Ill. Feb. 8, 2012)) and because all three of the § 1202(c) subsections Plaintiffs cite require the information be about the author or copyright holder of a work. See § 1202(c)(2),(3) & (7). See also Tomelleri v. Zazzle, Inc., No. 13-cv-2576-EFM-TJJ, 2015 WL 8375083, at *12 (D. Kan. Dec. 9, 2015) (finding no false CMI under § 1202(a) where plaintiff's failed to allege facts from which the court could infer a claim of ownership or authorship). Accordingly, Plaintiffs have not adequately pleaded that MJI's "branding" conveyed with Thierjung's "Highball Pin" and "Margarita Pin" and Wildflower's "Rose Champagne Patch" was CMI and thus their § 1202(a) claim must fail.

Because the Court finds that Plaintiffs have failed to adequately allege that MJI conveyed false CMI with any of the Designs, it does not need to analyze MJI's remaining grounds for dismissal.

### B. Leave to Amend

Though Plaintiffs do not appear to have requested leave to amend their complaint, Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment is

not warranted, however, "absent some indication as to what [a plaintiff] might add to [its] complaint in order to make it viable." Shemian v. Research In Motion Ltd., 570 F. App'x 32, 37 (2d Cir. 2014) (quoting Horoshko v. Citibank, N.A., 373 F.3d 248, 249 (2d Cir. 2004)).

Accordingly, Plaintiffs' second claim is dismissed without prejudice. Should Plaintiffs wish to amend their complaint, they must demonstrate how they will cure the deficiencies in these claims and that justice requires granting leave to amend. Such demonstration shall be filed within 30 days of the date of this Opinion.

## Conclusion

For the reasons stated above, Defendant's motion to dismiss the second claim of the complaint is GRANTED without prejudice.

The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 22.

**SO ORDERED.**

Dated:  New York, New York
        October 4, 2018

                                    John F. Keenan
                                    United States District Judge