```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
LASER KITTEN, LLC, KATIE THIERJUNG,      :
and WILDFLOWER + CO., INC.,              :
                                         :
              Plaintiffs,                :
                                         :      No. 17 Civ. 8613 (JFK)
     -against-                           :        OPINION & ORDER
                                         :
MARC JACOBS INTERNATIONAL, LLC,          :
                                         :
              Defendant.                 :
                                         :
---------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/13/2019

APPEARANCES

FOR PLAINTIFFS LASER KITTEN, LLC, KATIE THIERJUNG, and
WILDFLOWER + CO., INC.
    Ilya Kushnirsky
    Penelope Anne Fisher-Birch
    Andrew Isaac Gerber
    KUSHNIRSKY GERBER PLLC

FOR DEFENDANT MARC JACOBS INTERNATIONAL, LLC
    Michael Jay Zinna
    Joel Avi Hankin
    Kelli Danielle Ortega
    KELLEY DRYE & WARREN, LLP

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is Defendant Marc Jacobs International, LLC's ("Defendant") motion, under Federal Rule of Civil Procedure 21, to sever Plaintiffs Laser Kitten, LLC, Katie Thierjung, and Wildflower + Co., Inc.'s (collectively, the "Plaintiffs") claims from each other. For the reasons stated below, Defendant's motion is denied.

### I. Background

#### A. Factual Background

1

The Court assumes familiarity with the facts of this case. See Laser Kitten, LLC v. Marc Jacobs Int'l, LLC, No. 17 Civ. 8613, 2018 WL 4830091 (S.D.N.Y. 2018). To briefly summarize, Plaintiffs are independent artists who create enamel pins and patches featuring their original artwork. They allege that Defendant, a fashion brand, took their designs and, without Plaintiffs' consent or permission, used them in products it then marketed and sold.

### B. Procedural History

On November 7, 2017, Plaintiffs filed a complaint alleging that Defendant had (1) committed copyright infringement in violation of 17 U.S.C. §§ 106 and 501 and (2) provided false copyright management information ("CMI") in violation of 17 U.S.C. § 1202(a). On February 6, 2018, Defendant filed a motion to dismiss the second claim which the Court granted. See id.

On May 3, 2018, Defendant filed the instant motion to sever Plaintiffs' claims into three separate cases, one for each Plaintiff. On May 30, 2018, the Court heard oral argument on this motion.

## II. Legal Standards

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In seeking severance, "the moving party bears the burden of demonstrating

2

that 'severance is required to avoid prejudice or confusion and to promote the ends of justice.'" N. Jersey Media Grp., Inc. v. Fox News Network, LLC, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (quoting Agnesini, 275 F.R.D. 456, 458 (S.D.N.Y. 2011)). While a court has "broad discretion under Rule 21 to sever parties or claims from the action . . . 'severance [i]s a procedural device to be employed only in exceptional circumstances.'" Deskovic v. City of Peekskill, 673 F. Supp. 2d 154, 159-60 (S.D.N.Y. 2009) (quoting Laureano v. Goord, No. 06 Civ. 7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)).

### III. Discussion

Although the Second Circuit "has not set forth specific criteria governing severance, courts in this District generally employ the following factors on a motion to sever: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd., 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011) (quoting In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003)); see also Whalen v. CSX Transp., Inc., 13 Civ.

3

3784 (LGS) (HBP), 2016 WL 4787337, at *6 (S.D.N.Y. Sept. 14, 2016); N. Jersey Media, 312 F.R.D. at 114. Although courts within this circuit have held that severance only requires the presence of one of these conditions, the same courts have generally only granted severance where more than one condition was met. N. Jersey, 312 F.R.D. at 119 (granting severance only after finding all five factors favored it); Cestone v. General Cigar Holdings, Inc., No. 00 Civ. 3686 (RCC), 2002 WL 424654, at *2-3 (S.D.N.Y. March 18, 2002) (same); Ricciuti v. New York City Tr. Auth., 796 F. Supp. 8, 86 (S.D.N.Y. 1992) ("Convenience and judicial economy alone dictate bifurcation. But defendants make another argument that compels this result, asserting that separate trials are necessary to avoid prejudice.").

As an initial matter, the Court notes that the analysis that a court must run in deciding the first two factors of a Rule 21 motion and a motion for joinder under Rule 20(a) are essentially identical. Fed. R. Civ. P. 20(a) (Persons may join in one action if (1) they assert or have asserted against them any right to relief "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all [plaintiffs or defendants] will arise in the action.") For that reason, in deciding a Rule 21 motion, some courts in this circuit have

4

first decided whether this case was properly joined under Rule 20. See Raymond A. Semente, D.C., P.C. v. Empire HealthChoice Assurance, Inc., 14-cv-5823 (DRH)(SIL), 2018 WL 4954096 (E.D.N.Y. Oct. 12, 2018); Lyons v. Litton Loan Servicing LP, No. 1:13-CV-513 (ALC)(GWG), 2014 WL 5039458 (S.D.N.Y. Sept. 29, 2014); Deskovic v. City of Peekskill, 673 F. Supp. 2d 154 (S.D.N.Y. 2009). Notably, this approach seems to be most commonly used where the moving party based their Rule 21 motion on their opponents alleged violation of Rule 20. See Lyons, 2014 WL 5039458, at *2-3; Deskovic, 673 F. Supp. 2d at 159. Others, however, have considered each Rule 21 factor in turn, but applied Rule 20 case law where relevant. See N. Jersey, 312 F.R.D. 111; Agnesini, 275 F.R.D. 456. The result is doubtless the same under either approach. Accordingly, as (1) the Defendant has not premised their Rule 21 motion on a Rule 20 violation and (2) both parties have structured their arguments around the Rule 21 factors, the Court will consider each Rule 21 factor in turn, but use Rule 20 holdings to inform its analysis where relevant.

**1. The Claims Arise Out of the Same Transaction or Occurrence**

There appears to be "no rigid rule as to what constitutes the same series of transactions or occurrences." N. Jersey Media, 312 F.R.D. at 115. Courts in this circuit, however, have repeatedly "interpreted the phrase 'same transaction' to

5

encompass 'all logically related claims.'" Id. (citations omitted) (collecting cases); see also Lyons, 2014 WL 5039458, at *3 (collecting cases). Even where there are factual differences in plaintiffs' respective claims, however, courts will still deny severance where plaintiffs allege that defendant's wrongdoing occurred as part of a policy or practice. Costello v. Home Depot U.S.A., Inc., 888 F. Supp. 2d 258, 264 (D. Conn. 2012) (collecting cases); Lewis v. Triborough Bridge & Tunnel Auth., No. 97 Civ. 0607 (PKL), 2000 WL 423517, at *5 (S.D.N.Y. Apr. 19, 2000).

Defendant argues that this factor favors severance because Plaintiffs are making independent allegations about the sale of different products which allegedly infringe on works that are independently copyrighted by each Plaintiff. (Def.'s Mem. of Law in Supp. of Motion to Dismiss at 6, ECF No. 36 (filed May 3, 2018) [hereinafter "Supp."]; Def.'s Reply in Supp. of Mot. to Dismiss at 2-3, ECF No. 38 (filed May 3, 2018).) Their claims, therefore, do not arise out of the same transaction or occurrence. Id. Plaintiffs respond their claims do arise from the same "transaction or occurrence" namely the design, manufacture, distribution and sale of the Defendant's Resort 2017 and Spring 2017 collections. (Pls.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss at 5, ECF No. 37 (filed May 3, 2018) [hereinafter "Opp."].)

Here, Plaintiffs have pled that Defendant's allegedly infringing products were produced during the same general time period, for the same collections, and were sold through the same avenues. (Compl. ¶¶ 3-6, 20-28.) Further, Defendant's "Shrunken Denim Jacket with Pink Embellishments" appears to include copies of both Plaintiff Thierjung's "Margarita Pin" and Plaintiff Laser Kitten's "LK City Pink Cop Car Pin," and Defendant's "Shrunken Denim Jacket" appears to have copies of both Plaintiff Wildflower's "Rose Champagne Patch" and Plaintiff Thierjung's "Highball Pin." (Id. ¶¶ 17-19, Ex. B at 3, Ex. C at 3.) Plaintiffs' complaint, thus, not only clearly indicates that the choices Defendant made to create, market, and sell the allegedly offending products happened as part of a common set of occurrences and transactions, but also suggests that all Plaintiffs may have been the victims of a policy and practice the Defendant enacted. Accordingly, this factor weighs against severance. N. Jersey Media, 213 F.R.D. at 115; Costello, 888 F. Supp. 2d at 264.

**2. The Claims Present Some Common Questions of Law or Fact**

As the Court has just observed, there are undoubtedly common questions of law and fact surrounding the creation, marketing, and sale of Defendant's "Shrunken Denim Jacket" and "Shrunken Denim Jacket with Pink Embellishments" since both appear to contain works that allegedly infringe on multiple

7

Plaintiffs' copyrights. (Compl. ¶¶ 17-19, Ex. B at 3, Ex. C at 3.) As this factor only requires there to be <u>some</u> common question of law or fact, it clearly weighs against severance. <u>In re Merrill Lynch</u>, 214 F.R.D. at 154-55.

### 3. Settlement of the Claims or Judicial Economy Would Not be Facilitated

Whether judicial economy is best served by severance "turns on whether the Court believes that having one trial encompassing all claims will be more efficient than having separate trials." <u>N. Jersey Media</u>, 312 F.R.D. at 118.

Defendant argues that severance "will not be materially less economical" as there will be "little to no overlap in the documentary evidence and witness testimony." (Supp. at 9.) Plaintiffs argue that the currently joined case facilitates judicial economy as "[s]eparate actions would force Plaintiffs to engage in discovery requesting largely the same information and documents." (Opp. at 8.)

It is clear that severing this case would hinder settlement and judicial economy. While Defendant's discovery demands and witness testimony may differ with respect to each Plaintiff, the Plaintiffs' discovery demands and witness testimony will have extensive overlap, addressing the common transactions and occurrences that led to the creation, marketing, and sales of Defendant's allegedly infringing products. For example,

Plaintiffs will obviously have largely overlapping discovery demands relating to Defendant's aforementioned jackets. It is thus clear to the Court that keeping this case joined would be far more efficient for settlement and, indeed, an eventual trial than splitting this case into multiple actions. Accordingly, this factor weighs against severance. N. Jersey Media, 312 F.R.D. at 118.

### 4. Prejudice Would Not be Avoided by Granting Severance

"Severance is appropriate where a joint trial could lead to confusion of the jury." N. Jersey Media, 312 F.R.D. at 118. However, where, as here, the case is in its initial stages and the Court "is responsible for deciding relevant legal and factual questions[,] prejudice is not yet a germane concern". Lyons, 2014 WL 5039458, at *4.

Defendant argues that there will be "no prejudice to Plaintiffs if severance is granted" since each Plaintiff "can pursue its claims individually." (Supp. at 10.) Defendant, however, could be prejudiced by the jury confusing the Plaintiffs' claims with one another, leading to guilt by association. (Id.) Plaintiffs contend that severance on these grounds is too early at this pre-discovery stage. (Opp. at 9.)

The Court does not find this issue to be germane at this stage as the parties are still engaging in discovery. Lyons, 2014 WL 5039458, at *4; Picaro v. Pelham 1135 LLC, No. 14 Civ.

9

7398 (DAB), 2015 WL 1854272, at *5 (S.D.N.Y. Apr. 21, 2015). Accordingly, this factor weighs against severance. Id.

### 5. Different Witnesses & Documentary Proof are Not Required for Separate Claims

"While nearly every trial involving multiple [parties] will involve some separate issues of fact that call for testimony from different witnesses on entirely unrelated matters, the more appropriate question . . . is whether separate trials will require substantial overlap of witnesses or documentary proof." N. Jersey Media, 312 F.R.D. at 117 (quoting Lewis, 2000 WL 423517, at *4 (collecting cases)) (emphasis added).

Defendant, again, points out that the proof and witnesses for the Plaintiffs' side will be "substantially different because each claim involves different copyrights, different copyright owners, different creators, and" different infringing products. (Supp. at 11.) Plaintiffs reply that the "witnesses and documentary proof related to [Defendant] and the Retailers are identical" as a single Defendant produced all of the infringing material, all infringing products were included within two seasons of clothing, and the retailers all received this material from the Defendant. (Opp. at 10.)

As the Court has already held, there is substantial overlap in the documentary proof and witnesses that Plaintiffs will demand of Defendant in this case including documents and

witnesses that address the creation, marketing, and sale of the aforementioned products. Accordingly, this factor weighs against severance. Picaro, 2015 WL 1854272, at *4

## Conclusion

For the reasons stated above, all five factors weigh against severance. Accordingly, Defendant's motion to sever is DENIED. The Clerk of Court is respectfully directed to terminate the motion docketed at ECF No. 35.

**SO ORDERED.**

Dated: New York, New York
March 13, 2019

John F. Keenan
United States District Judge